```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Thomas and Frances Frangos**

    **v.**                                         Case No. 13-cv-472-PB
                                                                Opinion No. 2015 DNH 208

**Bank of America, N.A., et al.**

### MEMORANDUM AND ORDER

Thomas and Frances Frangos have sued the Bank of America, the Bank of New York Mellon, and Shellpoint, a mortgage servicing company. They seek an injunction barring the defendants from foreclosing on their home in Portsmouth, New Hampshire and a determination that defendants are liable for breach of contract. The case is before me on defendants' motions for summary judgment. For the reasons stated below, I grant defendants' motions.

### I. BACKGROUND

The Frangoses obtained a mortgage on a house in Portsmouth in 2005. To finance the purchase, they granted a note to Optima Mortgage Corporation and a mortgage to the Mortgage Electronic Registration Systems, Inc. ("MERS"), as Optima's nominee. Over the next ten years, the note and the mortgage traveled different

paths through the secondary mortgage market, changing hands numerous times.[1]  At the same time, the Frangoses experienced financial difficulties, filing for bankruptcy and twice defaulting on the loan, in 2007 and 2009.

In June 2009, amid ongoing attempts to modify the loan, the Frangoses ceased making payments on the mortgage.  Two years later, in 2011, MERS assigned the mortgage to the Bank of New York Mellon ("BNYM"), who then attempted to foreclose on the home.  This process moved slowly, however, and in September 2013, the Frangoses obtained a preliminary injunction barring the bank from proceeding with the foreclosure.  Since that time, the foreclosure process has stopped and the Frangoses have continued to live in the home.

---

[1] The note, originally made out to Optima, includes an allonge that bears endorsements: to "Countrywide Document Custody Services, A Division of Treasury Bank, NA," "Countrywide Home Loans, Inc.," and a blank endorsement.  See Doc. No. 25-4 at 6. Countrywide subsequently became BAC Home Loans Servicing, which was eventually purchased by Bank of America, a defendant here. Bank of New York Mellon and Shellpoint each claimed in their papers that it possessed the original note.  See Doc. No. 25-2 at 2; 26-1 at 3.  During the hearing on the motion, however, both defendants agreed that the original note was being held by BNYM's counsel as an agent for BNYM.  Doc. No. 37, at 5.

After BNYM and Bank of America removed the case to this court, I dismissed the Frangoses' good faith and fair dealing claim but allowed their remaining claims to stand. The Frangoses responded with an amended complaint (Doc. No. 15) that restated their viable claims and added their current loan servicer, Shellpoint, as a defendant.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must consider the evidence submitted in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

A party seeking summary judgment must first show that there is no genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A material fact "is one 'that might affect the outcome of the suit under the governing law.'" United States v. One Parcel of Real Prop. with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). If the moving party

satisfies this burden, the nonmoving party must then "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see also Celotex, 477 U.S. at 323.

### III. ANALYSIS

The Frangoses assert causes of action for injunctive relief and breach of contract.[2] They claim that the preliminary injunction they obtained in 2013 should remain in place permanently to prevent BNYM from again attempting to foreclose on their home unless it holds the note associated with the mortgage and provides the Frangoses with the notice of default and opportunity to cure that they are entitled to under the mortgage. The Frangoses base their breach of contract claim on defendants' prior unsuccessful effort to foreclose.

#### A. Injunctive Relief Claims

I reject the Frangoses' claims for injunctive relief

---

[2] For reasons that are not apparent from the face of the complaint, the Frangoses have separated their injunctive relief claims into two separate counts. I treat both claims together because they are analytically indistinct.

4

because they cannot prove that they will suffer irreparable harm, which is an essential element of their claims for injunctive relief. See Global Naps, Inc. v. Verizon New England, Inc., 706 F.3d 8, 13-14 (1st Cir. 2013) (holding that "well-established principles of equity" require that a court conclude that a party has suffered "irreparable injury" before issuing an injunction). Although the Frangoses fear that BNYM will attempt to foreclose on their home again without holding the note associated with the mortgage, this fear is unrealistic because the undisputed evidence in the record demonstrates that BNYM currently controls both the note and the mortgage. Doc. No. 37, at 5. Further, although the Frangoses claim they need an injunction to prevent BNYM from reinstituting foreclosure proceedings without first providing them with notice of default and opportunity to cure, this claim is also inconsistent with the record because BNYM has agreed that it will not attempt to foreclose without providing the Frangoses with proper notice and opportunity to cure. See Doc. No. 37, at 3-4. Accordingly, the evidence in the record simply does not support the Frangoses' contention that an injunction is needed to prevent irreparable harm.[3] For these reasons, defendants are entitled to summary

---

[3] The Frangoses include a claim in their complaint for an

5

judgment with respect to the Frangoses' claims for injunctive relief.

## B. Breach of Contract Claim

The Frangoses also assert a claim for breach of contract. They allege that the defendants violated paragraph 22 of the mortgage by failing to provide the required default notice before accelerating the loan and initiating foreclosure when they first attempted to foreclose in 2011. As a result, the Frangoses argue that they suffered "prejudice." See Doc. No. 29 at 7, 11. They admit, however, that they sustained no financial damages, nor do they make any effort to specify how exactly they were prejudiced. See id. at 10-12. Because it is beyond dispute that the Frangoses suffered no compensable monetary damages, I also reject their breach of contract claim.

In New Hampshire, a breach of contract occurs when there is "a failure without legal excuse to perform any promise which forms the whole or part of a contract." Lassonde v. Stanton, 157 N.H. 582, 588 (2008) (internal brackets omitted). If a breach is proved, the opposing party may recover damages as

---

injunction requiring BOA to negotiate with them in good faith but any such claim is clearly moot because BOA no longer has any interest in or involvement with the note and mortgage. See Doc. No. 15, at 9.

compensation for any loss caused by the breach.  In contract cases, "the purpose of awarding compensatory damages . . . is to place the plaintiff in the position the plaintiff would have occupied absent a breach."  Concord Hosp. v. New Hampshire Med. Malpractice Joint Underwriting Ass'n, 142 N.H. 59, 61 (1997).

The burden of proving "the extent and amount of damages sustained as a result of the breach" lies solely on the party seeking damages.  Id.  Although "[t]he law does not require absolute certainty for recovery of damages," Petrie-Clemons v. Butterfield, 122 N.H. 120, 125 (1982) (internal quotations omitted), "a claimed element of loss must be computed in some rational way upon a firm factual base."  Reliance Steel Products Co. v. Nat'l Fire Ins. Co. of Hartford, 880 F.2d 575, 578 (1st Cir. 1989).

The Frangoses have failed to present evidence to support their claim that they were damaged by the alleged breach of their contract with the defendants.  Given ample opportunity to explain *how* exactly they were harmed by the defendants' actions, the Frangoses merely state that they were "prejudiced."[4]  Because

---

[4] The Frangoses have not sought nominal damages.  Therefore, I need not determine whether a breach of contract claim can be maintained when the plaintiff is seeking to recover only nominal damages.  Compare Boston Prop. Exch. Transfer Co. v. Iantosca,

the Frangoses have failed to present sufficient evidence to support a claim that they were damaged by defendants' alleged breach of contract, I grant the motion for summary judgment with respect to the breach of contract claim.

## IV.  CONCLUSION

For the reasons discussed above, I grant defendants' motions for summary judgment (Doc. Nos. 25, 26).

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

November 6, 2015

cc:   Mary Ellen Manganelli, Esq.
      John L. McGowan, Esq.
      Thomas J. Pappas, Esq.
      Joseph J. Patry, Esq.

---

720 F.3d 1, 11 (1st Cir. 2013) ("a plaintiff is entitled to at least nominal damages upon proving a breach," applying Massachusetts law) with New England Surfaces v. E.I. du Pont de Nemours & Co., 546 F.3d 1, 7-8 (1st Cir. 2008)(allowing nominal damages without proof of actual loss only in two types of tort cases, applying Maine law); Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1153 (1st Cir. 1992) (requiring proof of actual damages under Puerto Rican law).